## WATSON *v.* BENZ.

(*Supreme Court, General Term, Second Department.* December 10, 1890.)

COSTS—OFFER OF JUDGMENT.

Under Code Civil Proc. N. Y. § 3053, requiring a justice of the peace to make his return on an appeal "after ten and within thirty days from the service of the notice of appeal," and section 3071, providing that "after the expiration of ten days from the time of filing the justice's return, the action is deemed an action at issue in the appellate court," an offer of judgment, served 12 days after notice of appeal, is not within section 3072, which authorizes such an offer only "after the action is deemed at issue in the appellate court," but comes within section 3070, authorizing an offer "within fifteen days after service of the notice of appeal;" and costs, on a judgment less favorable than the offer, are to be taxed under section 3070. Overruling 10 N. Y. Supp. 799.

Motion for reargument of appeal. See decision on the original hearing, 10 N. Y. Supp. 799. Code Civil Proc. N. Y. § 3053, relating to appeals from justices' courts, provides that "the justice must, after ten and within thirty days from the service of the notice of appeal, and the payment of the costs and fee, as prescribed in section 3047 of this act, make a return to the appellate court," etc.; and section 3071 provides that, upon such an appeal, "after the expiration of ten days from the time of filing the justice's return, the action is deemed an action at issue in the appellate court."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*C. A. S. Van Nostrand,* for appellant. *Harrison S. Moore,* for respondent.

BARNARD, P. J. This is a motion for a reargument upon the ground that this court overlooked the application of section 3070 of the Code of Civil Procedure to the question presented by the appeal in its decision rendered July 19, 1890. The action was tried in justice's court, and plaintiff recovered judgment. The defendant served notice of appeal on January 11, 1890, and on the 23d of January, 1890, served an offer on plaintiff to allow judgment in the appellate court for a stated sum. The offer was not accepted by plaintiff, and the judgment on appeal was less favorable to plaintiff than the offer. The costs of appeal were taxed in favor of plaintiff by the clerk, and an order vacating the same was granted by the county court, from which order an appeal was taken. The case was decided at the last term of this court under section 3072 of the Code of Civil Procedure. Section 3072 provides that "either party may, at any time after the action is deemed at issue in the appellate court, and before the trial, serve upon the adverse party a written offer to allow judgment to be taken against him, for a sum or property, or to the effect therein specified, with or without costs." This section seems to apply only to cases where the "action is deemed at issue in the appellate court." Under sections 3053 and 3071, an action is not deemed at issue in the appellate court until 20 days after notice of appeal. It would seem,

therefore, that the offer in this case is controlled by section 3070, which provides that upon appeal from a judgment "for a sum of money only, either party may, within fifteen days after service of the notice of appeal, serve upon the adverse party, or upon his attorney, a written offer to allow judgment in the appellate court in favor of either party for a specified sum." The judgment appealed from was for a sum of money only; the offer was to allow judgment in the appellate court for a specified sum. It was served 12 days after the service of the notice of appeal, and before the action could be "deemed at issue in the appellate court." The offer having been made under section 3070, it should be disposed of in accordance with its provision. A reargument should therefore be ordered.

DYKMAN, J. The motion for a reargument should be granted, without costs.